# Kempf *v.* Francies, Appellant.

*Prisons and penitentiaries—Convict labor—Use of machinery in manufacturing in penitentiaries—Act of June 18, 1897, P. L. 170.*

The Act of June 18, 1897, P. L. 170, prohibits the use in any of the penal institutions of the State of any and all machines operated other than by hand or foot power in the manufacture of goods therein. There is no exception in the act, either express or implied, which permits part of the process of manufacture to be done by free labor and machinery within a penal institution. The prohibition of the law is not only against the use of power machinery by convicts, but against power machinery in the institutions in aid of the convict's labor.

Argued Oct. 21, 1912. Appeal, No. 9, Oct. T., 1911, by defendant, from decree of C. P. No. 1, Allegheny Co., June Term, 1910, No. 468, awarding injunction in the case of William F. Kempf, trading as George F. Kempf and Brother, v. John Francies. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for injunction.

The facts appear in the following opinion by MILLER, J., specially presiding.

The bill, by a manufacturer of mats and matting in Pennsylvania, alleging that defendant as warden of the Western Penitentiary causes and allows mats and matting to be manufactured therein with the use of machinery, in violation of a legislative enactment, to the plaintiff's loss and injury, prays for an injunction.

The answer, averring that all the work done by the convicts or inmates of the institution is hand labor and that the limited amount of labor done by the use of machinery is free labor separate and distinct from the convict labor, denies that the work as done is in violation of the prohibition in the statute.

Evidence tending to prove the customers or purchas-

ers of the manufactured products, the prices paid and subsequently charged by the managers of the Western Penitentiary was not admitted as material.

### FINDINGS OF FACT.

1. The plaintiff is a manufacturer of mats at No. 1027 North Fourth street in the City of Philadelphia, State of Pennsylvania, and sells his manufactured product, inter alia, within the State of Pennsylvania. The defendant is warden of the Western Penitentiary located in Allegheny County, State of Pennsylvania, a State institution, wherein convict labor is performed; as such warden he has control of the employment of the inmates in this institution.

2. Mats are manufactured in the Western Penitentiary wholly by the hand and foot labor of the convicts—to the stage where shearing and braiding is required for the purpose of rendering them more merchantable in the open market. This finishing process of shearing and braiding is done by machines operated by steam power. These machines are located within the limits or walls of the penitentiary property, in a separate building and in part of said building separated by a partition from the convict laborers; these machines are operated entirely by free labor. To manufacture salable, merchantable mats for the general trade it is essential that they be smoothly and evenly sheared and braided. To do this by hand or foot labor exclusively is oppressive, severe and burdensome upon the laborers.

The exhibit of a finished mat, specifically made for the purposes of this case by the hand labor of convicts in Sing Sing Prison, New York, is valueless as a guide from which to find as a fact that like finished products could be turned out by the exclusive hand labor of convicts for sale in the open market; the testimony showed that the regular class of mats there made is of a different and inferior quality and that they are sold or used only in public institutions in the State of New York as

governed by statute, a requirement not found in the laws of Pennsylvania.

3. The product of the hand labor of the convicts in the Western Penitentiary is a mat of an inferior grade, and not merchantable in competition with mats finished by power machinery, as to braiding and shearing.

### OPINION.

As expressed in the title, the object of the Act of June 18, 1897, P. L. 170, is "limiting the number of inmates of state prisons, penitentiaries, state reformatories, and other penal institutions within the State of Pennsylvania to be employed in manufacturing goods therein, and prohibiting the use of machinery in manufacturing said goods."

The first and second sections define the relative proportion of the inmates who may be employed in the various industries therein set forth; namely, five per cent. of the whole number in the manufacture of brooms and brushes and hollow-ware, or ten per cent. in the manufacture of any other kind of goods, wares, articles or other things that are manufactured elsewhere in the State, excepting mats and matting, in the manufacture of which twenty percentum of the whole number of inmates may be employed.

The third section provides, "That no machine operated by steam, electricity, hydraulic force, compressed air or other power, except machines operated by hand or foot power, shall be used in any of the said institutions in the manufacture of any goods, wares, articles or things that are manufactured elsewhere in the State."

The warden of the Western Penitentiary, following a long continued practice in that institution, has permitted the use of machinery operated by free labor in braiding and shearing mats, on the theory that the statute prohibited the use of machinery by the convicts, and did not prohibit its use by others, designated in this case as free, paid laborers. Experience probably justi-

fied the belief that this custom was both economic and humane.

But the language of this statute, as expressed in the foregoing section, prohibits the use in the penal institutions defined, in the manufacture of the goods therein set forth, of any and all machines operated other than by hand or foot power; there is no exception, express or implied, which permits part of the manufacture to be done by free labor and machinery within the institution.

The purpose of the act is not only the regulation of convict labor by limiting the number to be employed and prohibiting the use of power machinery operated other than by hand or foot, but its purpose further seems to be "to prevent convict-made goods from coming into competition with the honest labor of the citizens of the state": Attorney General Opinion, Pennsylvania Industrial Reformatory, 7 Pa. D. R. 77.

The prohibition is not only against the use of power machinery by the convicts, but against power machinery in the institutions in aid of the convicts' labor; the building in which mats are manufactured and the machinery in a separate portion thereof, are as much a part of the institution within the prison walls as is the prison itself.

Within the institution thus defined, no machine operated by steam, electricity, hydraulic force, compressed air, or other power can be used at any stage of the manufacture of a finished product, a part of which is convict labor. The use of free labor in the operation of the machinery within the institution as a part of the manufacture of the finished product does not void the prohibition in the statute.

Let an injunction issue in accordance with these conclusions.

*Error assigned,* among others, was the decree of the court awarding the injunction.

*W. B. Rodgers,* for appellant.

*Alvin A. Morris,* with him *Albert J. Walker, Harold Allen* and *Joseph A. Boyer,* for appellee.

PER CURIAM, January 6, 1913:

The decree appealed from is affirmed on the findings of fact and opinion of the court by Judge MILLER, specially presiding.